IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SEAN JONES, #K-58210,  )   ) | |
| Plaintiff,  ) | |
|  ) | |
| vs.  ) | CIVIL NO. 10-cv-167-MJR |
|  ) | |
| C/O NALLEY, et al.,  ) | |
|  ) | |
| Defendants.  ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Sean Jones, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under

§ 1915A; this action is subject to summary dismissal.

Jones states that on November 25, 2009, he had a verbal altercation with Defendant Nalley. The incident escalated: Nalley grabbed the back of Jones's jacket, pushed his face against the brick wall, and kicked his legs apart while instructing Jones to be quiet. Jones sent an emergency grievance to the warden, Defendant Flagg, over this incident. Flagg deemed it not an emergency and directed Jones to proceed through the normal grievance process. Jones began that process by filing a complaint with his counselor, but he admits that he did not complete that process. Jones states that he suffered mental anguish and humiliation over this incident, and he is upset that Nalley was not disciplined for his unprofessional conduct.

An inmate may not pursue his § 1983 claims in federal court until after he has exhausted his available remedies. *See* 42 U.S.C. § 1997e(a). Although failure to exhaust administrative remedies is usually an affirmative defense, when it is clear from the face of the complaint that a plaintiff did not exhaust his available remedies prior to filing suit, the complaint fails to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 214-215 (2007). Here, Jones clearly states "at the time I began this complaint I had not received the final resolution for my grievance." Thus, he has failed to state a claim upon which relief may be granted, id., and the complaint must be dismissed. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002) (failure to so exhaust is grounds for summary dismissal of complaint); *Lewis v. Washington*, 300 F.3d 829, 834 (7th Cir. 2002); *Ester v. Principi*, 250 F.3d 1068, 1071 (7th Cir. 2001); *Bigboy v. Smith*, 210 F.3d 374 (7th Cir. 2000).[1]

---

[1] From the allegations in the complaint, it seems to the Court that Nalley's actions may have involved a *de minimus* use of force not actionable under the Eighth Amendment. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). Moreover, Jones has no claim against Flagg for his alleged failure to discipline Nalley.

In summary, the complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED**.[2]  Jones is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 23rd day of September, 2010.**

        **s/ Michael J. Reagan**
        **MICHAEL J. REAGAN**
        **United States District Judge**

---

[2]  After exhausting his administrative remedies, Jones may file a new lawsuit over this incident if he so desires.  Any new action will require payment of a separate filing fee and may result in yet another strike under 28 U.S.C. § 1915(g) if the court finds that the new action is frivolous, malicious, or fails to state a claim.